IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,458-01






EX PARTE DOMINGO CALDERON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-11-0244-CRA IN THE 218
TH DISTRICT COURT


FROM ATASCOSA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child by exposure and sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends that the State failed to disclose that the complainant completely recanted
before Applicant pleaded no contest. In addition, Applicant contends that he is actually innocent
based on a recantation from the complainant dated July 8, 2005. Applicant has alleged facts that, if
true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If not and the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings of fact and conclusions of law as to whether the
State failed to disclose that the complainant recanted before Applicant pleaded no contest and, if so,
whether such recantation was material to Applicant's conviction. Brady v. Maryland, 373 U.S. 83
(1963). The trial court shall also make findings of fact and conclusions of law as to whether the
complainant's July 8, 2005 recantation is credible and, if so, whether Applicant has established that
he is actually innocent. Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996). Finally, the trial
court shall make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 31, 2007

Do not publish